**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In re:

INA Manufacturing Corp.,
d/b/a Deep Draw Manufacturing Co.,

Debtor.

BKY Case No. 99-30128 DDC

---

Richard Hettler,

Appellant,

v.

John Stoebner, Trustee,

Appellee.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-1616 ADM
Civil No. 01-2061 ADM
Civil No. 01-2062 ADM
Civil No. 01-2429 ADM
Civil No. 02-0849 ADM
Civil No. 02-0850 ADM
Civil No. 02-0851 ADM

---

Appellant appears *pro se*.

John Stoebner, Esq., Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, Minneapolis, MN, on behalf of Appellee.

---

## I. INTRODUCTION

This matter comes before the undersigned United States District Judge pursuant to Richard Hettler's seven Appeals[1] from various Orders of the bankruptcy court. Also before the Court is Trustee John Stoebner's Motion for Injunctive Relief against Hettler. Based on the

---

[1] Hettler is the only party properly before the Court, despite his ill-founded attempts to represent other entities. A nonlawyer has no right to represent another entity in a court of the United States. *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994). Hettler may not represent any entity other than himself in this Court. *See* D. Minn. LR 83.5.

FILED JUL 26 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

record and the parties' memoranda, and for the reasons set forth below, Hettler's Appeals are denied and the injunction is issued.

## II. DISCUSSION

Hettler requests an evidentiary hearing of these issues. This Court is sitting as an appellate court and must review the factual record developed by the bankruptcy court. A district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Cedar Shore Resort, Inc.*, 235 F.3d 375, 379 (8th Cir. 2000). Evidence in the bankruptcy court's records will be considered, but Hettler's request for an evidentiary hearing is denied. The appeals will be analyzed on the written record and the briefs submitted by the parties.

### A. The "02-" Appeals

Hettler's Appeals in three cases (Appeal Nos. 02-849, 02-850, 02-851) fail because he lacks standing. Hettler was not a party to the proceedings at the time the bankruptcy court entered its orders and he lacks a direct pecuniary interest in the proceedings.

INA Manufacturing Corporation, d/b/a Deep Draw Manufacturing Company, ("INA"), filed for bankruptcy on January 12, 1999. On January 17, 2001, John Stoebner, as Trustee (the "Trustee"), commenced an adversary proceeding[2] against Ruth D. Kahn, Norman L. Kahn, Richard J. Hettler, R. Carol Melissa Kahn, Seven-Twelve Corporation, INA Holdings, LLC, INA Asset Management, Inc., Amadeus Irrevocable Trust, Senior Consultants Corporation, Kenneth Kahn, and e-Think, Inc. On January 18, 2001, the Trustee also commenced adversary

[2] This is the action underlying Appeal No. 02-849.

proceedings[3] against Igor Ganopolskiy and Joseph W. Dicker, to avoid certain pre-petition transfers of property from the debtor. Hettler never was a party to the proceedings against Igor Ganopolskiy and Joseph W. Dicker. On July 23, 2001, the bankruptcy court dismissed Hettler and Amadeus Irrevocable Trust from the Kahn, et al. proceedings and denied Hettler's third-party complaint against third-party defendants. On August 23, 2001 the bankruptcy court dismissed Hettler's counterclaims and cross-claims. The remaining parties in these three proceedings reached a settlement agreement and the bankruptcy court filed an order approving settlement on August 27, 2001. On March 14, 2002, pursuant to a stipulation, the bankruptcy court dismissed the actions with prejudice. Hettler now appeals the March 14, 2002, Orders of Dismissal.

Hettler lacks standing[4] for these appeals. The right of appellate review in bankruptcy proceedings is limited to "persons aggrieved." *Hartman Corp. of America v. United States*, 304 F.2d 429, 431 (8th Cir. 1962) ("[P]ractical common sense need not be entirely divorced from bankruptcy proceedings."). Only those persons directly and adversely affected pecuniarily by an order of the bankruptcy court have standing to appeal that order. *Id.*; *see In re Thompson*, 965 F.2d 1136, 1142 n.9 (1st Cir. 1992); *In re Fondiller*, 707 F.2d 441, 442-43 (9th Cir. 1983). Here,

---

[3] These are the actions underlying Appeal Nos. 02-850 & 02-851.

[4] Article III, § 2, of the Constitution extends the "judicial Power" of the United States only to "Cases" and "Controversies." *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 102 (1998). To establish Article III standing, a plaintiff must meet three requirements: injury in fact, causation, and redressability. *See, e.g., Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000); *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). "The Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Sierra Club v. Morton*, 405 U.S. 727, 734-735 (1972).

the underlying proceedings involve the Trustee's avoidance of certain pre-petition transfers of the debtor's property. Upon a bankruptcy filing, the Trustee is vested with specific avoidance powers, including the power granted in 11 U.S.C. § 544(b). This power vested in the Trustee is exclusive. "After bankruptcy filing, only the trustee has standing to exercise the avoidance power granted." *In re Michener*, 217 B.R. 263, 270 (Bankr. D. Minn. 1998) (citing *Nebraska State Bank v. Jones,* 846 F.2d 477 (8th Cir. 1988)). Hettler is not the trustee in the bankruptcy proceedings. He was not a party to the proceedings at the time the matters were settled and dismissed. Hettler lacks any direct pecuniary interest in the bankruptcy proceedings. Therefore, he does not have standing to appeal the Orders. These Appeals are dismissed.

**B. The "01-" Appeals**

Hettler's Appeals in four cases (Appeal Nos. 01-1616, 01-2061, 01-2062, 01-2429) are denied because the bankruptcy court's orders are not clearly erroneous or contrary to law. The analysis of these appeals begins with a review of the factual background and the procedural posture.

As discussed above, INA filed for bankruptcy. On January 17, 2001, the Trustee commenced an adversary proceeding against Ruth D. Kahn, Norman L. Kahn, Richard J. Hettler, R. Carol Melissa Kahn, Seven-Twelve Corporation, INA Holdings, LLC, INA Asset Management, Inc., Amadeus Irrevocable Trust, Senior Consultants Corporation, Kenneth Kahn, and e-Think, Inc. On or about July 17, 2001, the parties reached an agreement to settle. On July 19, 2001, Hettler filed an Objection To Limited Settlement or Compromise. On August 6, 2001, the Trustee filed a Motion for Order Approving Settlements. The Honorable Dennis D. O'Brien

held a hearing on August 23, 2001, at which both the Trustee and Hettler appeared. The bankruptcy court entered an Order Approving Settlements and Overruling Objections on August 27, 2001. Hettler subsequently filed a "Motion to Reverse" the Order of August 27, 2001. The bankruptcy court denied his motion on October 3, 2001. Hettler now appeals the Order of October 3, 2001, denying his motion.

On October 2, 2001, the Trustee filed a Notice of Hearing and Application for Interim Compensation for Attorneys for the Trustee. Hettler thereafter filed a Motion to Deny Application for Compensation. Hettler also moved to dismiss, moved to recuse Judge O'Brien, and moved to vacate and continue hearing. The bankruptcy court entered an Order of October 31, 2001, denying Hettler's various motions and approving the Application for Interim Compensation for Attorneys for the Trustee. Hettler subsequently filed a "Motion to Reverse" the Order of October 31, 2001. The bankruptcy court denied his motion on November 19, 2001. Hettler also now appeals the bankruptcy court's Order of November 19, 2001.

The standard of review for bankruptcy appeals is whether the bankruptcy court's challenged legal conclusions are correct and whether its challenged factual findings are clearly erroneous. *Cedar Shore Resort*, 235 F.3d at 379. Hettler's "Motions to Reverse" before the bankruptcy court may be considered Motions to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). A denial of a motion to alter or amend is reviewed for abuse of discretion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988). "A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Id.* at 414. The bankruptcy court properly denied Hettler's motions to reverse.

The bankruptcy court's Orders approving settlements and denying Hettler's objections and motions were not in error. A bankruptcy court's approval of a settlement shall not be disturbed by a reviewing court unless there is plain error or abuse of discretion. *In re New Concept Housing, Inc.*, 951 F.2d 932, 939 (8th Cir. 1991). The Trustee's settlements were reasonable and within the best interests of the estate and creditors. A review of the record shows that the bankruptcy court neither committed plain error nor abused its discretion in approving the settlements and denying Hettler's motions. The bankruptcy court's Order of October 3, 2001, is affirmed.

Further, the bankruptcy court's Orders approving compensation for attorneys of the Trustee and denying Hettler's various motions were not in plain error and did not constitute an abuse of discretion. Hettler's arguments are rambling and legally unpersuasive.[5] The bankruptcy court's Order of November 19, 2001, is affirmed.

Finally, Hettler's other arguments are irrelevant to his appeals and barred by collateral estoppel and res judicata. Hettler alleges "fraud" in the INA bankruptcy case and other proceedings before the U.S. Bankruptcy Court, the U.S. District Court, and the Eighth Circuit Court of Appeals. Hettler's expansive fraud claims have been raised previously, litigated, and dismissed on the merits. He is precluded from raising these allegations again.

Under the doctrine of collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent

---

[5] *See, e.g.*, Appellant's Reply Br., at 1-26 [Case No. 01-2429, Doc. No. 5]; Appellant's Br. in Supp. of Evidentiary Hr'g., at 1-25 [Case No. 01-1616, Doc. No. 19].

suits based on a different cause of action involving a party to the prior litigation." *Iowa Elec. Light & Power Co. v. Mobile Aerial Towers, Inc.*, 723 F.2d 50, 52 (8th Cir. 1983) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). Collateral estoppel applies when: (1) the issue is identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. *Tarutis v. Commissioner of Revenue*, 393 N.W.2d 667, 669 (Minn.1986) (citing *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 599-600 (1948)). Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Iowa Elec. Light & Power*, 723 F.2d at 52 (citing *Montana*, 440 U.S. at 153). In his appeals, Hettler is attempting to re-litigate issues and claims conclusively decided against him in previous cases.

For example, as a defendant in *Premier Bank Metro South v. Ruth D. Kahn, et al.* (ADV No. 99-4259 NCD), Hettler opposed Premier Bank's summary judgment motion. Hettler enjoyed a full and fair opportunity to litigate the issues in that motion. The bankruptcy court granted judgment in favor of Premier Bank. The bankruptcy court subsequently approved a settlement of the matter over Hettler's objections and allegations of fraud. Hettler appealed to the U.S. District Court, and his appeal was dismissed. *See Hettler v. Miller, as Trustee for Bankr. Estate of Ruth D. Kahn*, No. 00-2337 RHK (D. Minn. Dec. 6, 2000). Hettler appealed to the Eighth Circuit, which reviewed the file and summarily affirmed the judgment of the district court. *See Hettler v. Miller, as Trustee for Bankr. Estate of Ruth D. Kahn*, No. 01-1172 (8th Cir.

May 16, 2001).

There are further examples. Hettler objected to settlements in *Stoebner v. Absolute Bail Bonds* (ADV No. 01-3022 DDO), *Stoebner v. Lakeville Motors Express* (ADV No. 01-3013 DDO), and *Stoebner v. Daniel Mohs, et al.* (ADV No. 01-3019 DDO). In each proceeding, Hettler's objections were based on "fraud." After considering the record and arguments by all parties, the bankruptcy court overruled Hettler's objections and approved the settlements. Hettler appealed, claiming "fraud." The U.S. District Court affirmed the bankruptcy court's decisions. This pattern continues.

Hettler's broad allegations of fraud regarding the various bankruptcy proceedings are barred by collateral estoppel and res judicata. The issues and claims Hettler raised in the settlements of previous bankruptcy proceedings have been fully and fairly litigated and adjudicated on the merits by the U.S. Bankruptcy Court, the U.S. District Court, and the Eighth Circuit Court of Appeals. Hettler had his day in court and now the sun has set. There must be repose.

**C. Motions to Strike**

Hettler has filed many Motions to Strike Appellee's briefs and motions. *See* No. 01-1616 [Doc. Nos. 11, 16, 18]; No. 02-849 [Doc. Nos. 5, 7, 9]; No. 02-850 [Doc. Nos. 6, 8, 10]; No. 02-851 [Doc. Nos. 8, 10, 12]. Motions to strike are disfavored. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). The Court finds that Appellee's briefs address information and arguments raised in Hettler's prolific submissions. Fairness dictates that Appellee be permitted to respond to Hettler's abundant filings. Thus, all of Hettler's Motions to Strike are denied.

**D. Injunction**

Hettler volleyed a number of appeals and motions into this Court without paying the filing fees for his appeals or the copying costs. His appeals and motions are meritless. In light of Hettler's vexing litigation regarding the bankruptcy proceedings, an injunction is issued.

Blatant abuse of the judicial process will not be tolerated. *Brown v. Gibson*, 571 F.Supp. 1075, 1076 (W.D. Mo. 1983). The right of access to the court is not absolute or unconditional. *See Green v. White*, 616 F.2d 1054, 1055-56 (8th Cir. 1980). Defendants have a right to be free from "harassing, abusive, and meritless litigation," and federal courts have "a clear obligation to exercise their authority to protect litigants from such behavior." *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988). An injunction may issue against a plaintiff who exhibits "a propensity for filing numerous meritless and vexatious lawsuits which clutter the docket of this court and put defendants to the time and expense of answering frivolous and frequently incomprehensible allegations." *Brown*, 571 F.Supp. at 1077; *see In re McDonald*, 489 U.S. 180, 183-85 (1989); *Nelson v. Butler*, 929 F.Supp. 1252, 1260 (D. Minn. 1996) (issuing an order prohibiting plaintiff from commencing an action against the defendants on the same claims); *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277 n.1 (S.D. Tex. 1995) (citing cases enjoining certain litigants from filing pleadings and complaints when necessary to deter vexatious and frivolous litigation).

This Court finds that Hettler has abused the judicial process. Hettler filed seven appeals and numerous motions with this Court, all of which are frivolous, meritless, and vexatious. He made expansive, vague, and baseless allegations of fraud with regard to the bankruptcy

proceedings. In addition, Hettler failed to pay the filing fees or copying costs for his seven appeals. As a consequence of his conduct, Hettler, or any individual or entity acting on his behalf, or Hettler acting on behalf of any other individual or entity, shall be enjoined from bringing any additional pleadings, motions, claims, or appeals before the United States District Court for the District of Minnesota or the United States Bankruptcy Court where the Trustee, John Stoebner, is a party or where Hettler's claims in any way relate to the bankruptcy estate of INA Manufacturing Corporation or the subject matter of the litigation before this Court to date. Should Hettler choose to continue to file such suits in an unabated fashion, he risks monetary sanctions and a criminal contempt citation.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Hettler's Appeals (Civil Nos. 01-1616; 01-2061; 01-2062; 01-2429; 02-849; 02-850; 02-851) are **DENIED and DISMISSED**;

(2) Hettler's Motions to Strike (No. 01-1616 [Doc. Nos. 11, 16, 18]; No. 02-849 [Doc. Nos. 5, 7, 9]; No. 02-850 [Doc. Nos. 6, 8, 10]; No. 02-851 [Doc. Nos. 8, 10, 12]) are all **DENIED**;

(3) Richard Hettler, or any individual or entity acting on his behalf, or Hettler acting on behalf of any other individual or entity, is hereby **ENJOINED** from bringing any additional pleadings, motions, claims, or appeals before the United States District Court for the District of Minnesota or the United States Bankruptcy Court where the Trustee, John Stoebner, is a party or where Hettler's claims in any way relate to the bankruptcy estate of INA Manufacturing Corporation or the subject matter of the litigation before this Court to date.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2002